[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
CT Page 16117
The plaintiff, Susan Kelly, moves to quash three subpoenas duces tecum and for protective orders regarding a defense demand for disclosure of records relating to the plaintiff's mental condition and treatment. Since the filing of this motion, the plaintiff has produced records covered by two of the subpoenas and is only pursuing this motion with respect to records of Dr. Mozzicato, a psychiatrist.
The defendants, Florence Giguere and Shenique Hall, object to this motion. They contend that the plaintiff, by bringing this action, has placed her mental status and its history in issue and that these records are needed to present an adequate defense.
In her amended complaint, the plaintiff alleges that she was injured in a motor vehicle accident on March 6, 1997, because of the negligence or recklessness of the defendants. Further, she alleges that the collision caused traumatic injury to her head; concussion; severe and persistent headaches; exacerbation of a preexisting migraine headache propensity; anxiety embarrassment; sleep disruption; decreased concentration; depression; and mental anguish and distress of the mind. She avers that some of these injuries are permanent.
General Statutes § 52-146e prohibits disclosure of communications between a patient and psychiatrist without consent of the patient except as provided in General Statutes § 52-146f. Section 52-146f(5) permits disclosure of such communications or records "in a civil proceeding in which the patient introduces his mental condition as an element of his claim . . . and the court or judge finds that it is more important to the interests of justice that the communication be disclosed than the relationship between patient and psychiatrist be protected." The burden is on the party seeking disclosure to establish that justice requires it, Cabrera v. Cabrera, 23 Conn. App. 330, 339 (1990).
The court finds that the plaintiff has introduced her mental state as an element of her claims in this case. She specifically asserts head trauma causing symptoms and sequella concerning depression, mental distress, loss of concentration, anxiety, and sleep disruption. To determine whether the need for disclosure overrides the need for confidentiality of patient communications to her psychiatrist, the court has conducted an in camera review of Dr. Mozzicato's records.
Certain records pertain to communications made in 1984. These communications are highly sensitive and bear little on the issues of the present litigation concerning the aftermath of the motor vehicle accident in 1997. Allowing disclosure of such communications which are remote in CT Page 16118 time and relevancy would unnecessarily undermine the confidence the plaintiff placed in her psychiatrist.
The remaining records of Dr. Mozzicato deal with the consequences of the motor vehicle accident which is the subject of this lawsuit. These records, and the communications contained in them, connect directly to the validity and extent of the plaintiff's claims of injury to her mental state. Therefore, copies of Dr. Mozzicato's records regarding the plaintiff from November 1999 to August 2000 are ordered disclosed to the defendants' counsel. These communications by the plaintiff cover the very ground which the plaintiff will have to prove at trial to make her case and reveal no confidences which would not, of necessity, be revealed in any event. Any negative impact on the plaintiff's relationship with Dr. Mozzicato is overcome by the defendants' need to prepare an adequate defense. The interests of justice demand this disclosure.
The court has segregated those records of Dr. Mozzicato which are disclosable from those which remain confidential. The confidential material is ordered sealed and preserved for appellate review if necessary.
Sferrazza, J.